FILED

NOV 2 0 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.

GAVIN RIVERS WEISENBURG (01)
TANNER CHRISTOPHER THOMAS (02)

CAUSE NO. 4:25-CR- 229

JUDGES Mazzant

## INDICTMENT

The Grand Jury Charges:

### GENERAL ALLEGATIONS

1.    Defendants **Gavin Rivers Weisenburg** and **Tanner Christopher Thomas** were residents of the Eastern District of Texas.

2.    Beginning in August 2024 and continuing through July 2025, **Gavin Rivers Weisenburg**, **Tanner Christopher Thomas**, and other co-conspirators developed a plan to recruit and lead an unlawful expeditionary force to travel by sailboat to the Republic of Haiti, specifically Gonave Island, murder all the men on the island, assume control of the island by force, and carry out their rape fantasies by turning the remaining women and children into sex slaves.

3.    The Republic of Haiti is a sovereign nation. Gonave Island is an island located off Haiti's coast to the west-northwest of Port-au-Prince. Gonave Island is a territory of the Republic of Haiti and has a population of approximately 87,000 residents.

Indictment - Page 1 of 10

OBJECT OF THE CONSPIRACY

4.      The object of the conspiracy was to unlawfully carry out a coup d'etat in on the Island of Gonave in the Republic of Haiti. The co-conspirators conducted research, reconnaissance, recruiting, planning, and sought training to effectuate their plan. It was the goal of the conspiracy to take military control of the Island of Gonave by murdering all the men on the island and capturing all the women. Upon capture, the co-conspirators intended to turn the women and children of Gonave into their sex slaves. The co-conspirators planned to purchase a sailboat to travel from the United States to Gonave for their attack. The co-conspirators planned to recruit and hire members of the District of Columbia homeless population to be part of their unlawful expeditionary force.

5.      It was also an object of the conspiracy to acquire and use weapons during their armed attack on Gonave. The co-conspirators researched weapons and ammunition, and planned purchases of military-type rifles to use in the attack.

6.      Further, an object of the conspiracy was to unlawfully and knowingly combine, conspire, confederate, and agree to commit any offense against the United States by, in the United States, knowingly beginning, providing, and preparing a means for an armed attack to be carried on from the United States against the territory and dominion of a foreign state, namely the Republic of Haiti.

MANNER AND MEANS OF THE CONSPIRACY

7.      The defendants, **Gavin Rivers Weisenburg** and **Tanner Christopher Thomas**, along with co-conspirators known and unknown to the grand jury, acted in

Indictment – Page 2 of 10

concert to carry out the objectives of the conspiracy through various means including, but not limited to:

      a.    Conducting a military expedition and enterprise with the intent to overthrow the government of the Republic of Haiti on Gonave Island.

      b.    Planning, scouting targets, and identifying methods for subduing and murdering the male population of Gonave, with the purpose and intent to murder, kidnap, and rape other persons on Gonave.

      c.    Recruiting others to join in the military enterprise and armed coup attack as personnel for their expeditionary force and, in some cases, recruiting personnel in exchange for money.

      d.    Planning to acquire and operate the means of transporting their expeditionary force from the United States to Gonave, specifically by purchasing a sailboat for this purpose. The co-conspirators also planned for at least one member of the conspiracy to obtain training in sailing the boat for the purpose of their armed coup attack.

      e.    Planning to acquire firearms, ammunition, and explosives to be transported by sailboat from the United States to Gonave to arm the expeditionary force for their armed coup attack. The co-conspirators planned for one member of the conspiracy to enlist in the United States military for the purpose of obtaining military training useful in carrying out their armed coup attack.

  f.  The plan was for one of the members of the conspiracy to enroll in first responder training, specifically firefighter school, for the purpose of learning command and control protocols that would be useful in carrying out their armed coup attack.

  g.  Communicating over social media platforms and meeting with each other in person to plan the armed coup attack.

OVERT ACTS

  8.  In furtherance of the conspiracy and to achieve the objectives thereof, the defendants and others committed and caused to be committed, in the Eastern District of Texas and elsewhere, at least one of the following overt acts, among others:

  a.  **Weisenburg, Thomas**, and others made operational and logistical plans to overthrow the government of the Republic of Haiti on Gonave Island.

  b.  Between July 2024 and May 2025, **Weisenburg** and **Thomas** engaged in Haitian Creole language training for the purpose of facilitating their armed coup plot.

  c.  On or about January 7, 2025, **Tanner Christopher Thomas** enlisted in the United States Air Force for the purpose of obtaining military training that would be useful in carrying out their armed coup attack. On February 28, 2025, **Thomas** confirmed by social media message to **Weisenburg** that his purpose in enlisting was to further their planned armed coup attack.

Indictment – Page 4 of 10

d.     On or about August 5, 2024, **Gavin Rivers Weisenburg** enrolled in the North Texas Fire Academy in Rockwall, Texas for the purpose of obtaining training in command-and-control protocols that would be useful during their armed coup attack. On February 8, 2025, **Weisenburg** failed out of the school and was dismissed.

e.     On or about February 20, 2025, **Gavin Rivers Weisenburg** purchased plane tickets and traveled to Thailand at least in part for the purpose of enrolling in a sailing school to learn to sail the boat the co-conspirators planned to buy as their means of transportation for their armed coup attack. Once in Thailand, **Weisenburg** ultimately did not enroll in the sailing school due to cost.

f.     On various dates between August 2024 and May 2025, **Gavin Rivers Weisenburg** and **Tanner Christopher Thomas** attempted to recruit others both online and in person to join their expeditionary force for their armed coup attack.

g.     On or about March 14, 2025, **Tanner Christopher Thomas**, while in Air Force basic training, successfully changed his initial station assignment from Ramstein Air Base in Germany to Andrews Air Base in Maryland for the dual purposes of 1) remaining in the United States to facilitate the group's armed coup attack, and 2) being located near the District of Columbia to facilitate the recruitment of members of the area's homeless population to serve as members of their unlawful expeditionary force.

## COUNT 1

Violation: 18 U.S.C. § 956
(Conspiracy to Kill or Kidnap Persons in a
Foreign Country)

9.      Paragraphs 1 through 8 are incorporated by reference as if fully set forth

herein.

10.      Beginning on or about August 4, 2024, and continuing through on or about

July 3, 2025, the exact dates being unknown to the grand jury, in the Eastern District of

Texas and elsewhere, defendants **Gavin Rivers Weisenburg** and **Tanner Christopher**

**Thomas**, knowingly conspired, confederated, and agreed with each other and others

known and unknown to the Grand Jury, to commit at any place outside the United States

an act that would constitute the offense of murder and kidnapping if committed in the

special maritime and territorial jurisdiction of the United States, and in so doing,

committed an act within the jurisdiction of the United States  to effect any object of the

conspiracy. In furtherance of the conspiracy and to accomplish the object of the

conspiracy, defendants Gavin Weisenburg and Tanner Thomas committed overt acts,

including those acts allected in Paragraph 8, incorporated herein by reference, all in

violation of Title 18, United States Code, Section 956(a).

Indictment - Page 6 of 10

## COUNT 2

Violation: 18 U.S.C. §§ 2251(a) & (e) and 2 (Sexual Exploitation of Children a/k/a Production of Child Pornography; Aiding and Abetting)

11.　On or about August 31, 2024, within the Eastern District of Texas, defendants **Gavin Rivers Weisenburg** and **Tanner Christopher Thomas** did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and aided and abetted each other to do the same, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; that such visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and that such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce. , Specifically, the defendants, Gavin Rivers Weisenburg and Tanner Christopher Thomas, did employ, use, persuade, induce, entice, and coerce Minor Victim 1, a minor known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: the video entitled: "compressed_BBDC557D-D248-4662-ADE1-99065FE8DACF-5226-0000-06168B532123.mov," and did aide and abet each other to do the same, using the Internet and digital devices they owned and possessed.

12.　All in violation of 18 U.S.C. §§ 2251(a) and (e).

Indictment - Page 7 of 10

## FORFEITURE NOTICE
### [18 U.S.C. §§ 2253(a)(2) and (3)]

13.     Upon conviction of any of the offenses alleged in Count Two of this Indictment, and pursuant to 18 U.S.C. §§ 2253(a)(2) and (3), **Gavin Rivers Weisenburg** and **Tanner Christopher Thomas**, shall forfeit to the United States of America all property constituting or derived from proceeds traceable to the respective offense, including a "money judgment" in the amount of U.S. currency constituting the proceeds traceable to the respective offense.

14.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the United States will seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL.

_____
FOREPERSON

JAY R. COMBS
UNITED STATES ATTORNEY

D. RYAN LOCKER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.

GAVIN RIVERS WEISENBURG (01)
TANNER CHRISTOPHER THOMAS (02)

CAUSE NO. 4:25-CR- 229

JUDGES ___Mazzant___

## NOTICE OF PENALTY

### COUNT 1

| | |
|---|---|
| Violation: | 18 U.S.C. §§ 956 (Conspiracy to Kill or Kidnap Persons in a Foreign Country) |
| Penalty: | Imprisonment for a term not more than life, a fine not to exceed $250,000.00, or twice the gross gain to the defendant or loss to the victims; or both imprisonment and fine. A term of supervised release of not more than three years. |
| Special Assessment: | $100.00 each count |

### COUNT 2

| | |
|---|---|
| Violation: | Violation: 18 U.S.C. §§ 2251(a) & (e) and 2 (Sexual Exploitation of Children a/k/a Production of Child Pornography; Aiding and Abetting) |
| Penalty: | Imprisonment for a term not less than 15 years and not more than 30 years, a fine not to exceed $250,000.00; or both imprisonment and fine. A term of supervised release of not less than 3 years and up to life. |
| Special Assessment: | $100.00 each count |