IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 4:25-CR-229 |
| | § | |
| GAVIN RIVERS WEISENBURG (01) | § | |
| TANNER CHRISTOPHER THOMAS (02) | § | |

## PROTECTIVE ORDER AS TO DISCOVERY DISCLOSED TO DEFENSE

Having considered the Government's Motion for Protective Order as to Discovery Disclosed to the Defense, the Court orders as follows:

1.  The Court finds that the government intends to provide sensitive and confidential information to the Defense Counsel in this case, and that the information contains sensitive and private personal identification information for a number of individuals who are either co-defendants or not defendants in this case, including names, addresses, social security numbers, and birthdates.  Additional materials provided contain information related to source information that could permit someone to learn the identity of other government witnesses, including multiple minor victims, whose identities should be protected.  Other materials contain information regarding ongoing investigations that could be significantly compromised should those facts be disclosed without restrictions. In light of this, the government has filed a motion asking the Court to issue a protective order that would allow for the limited disclosure of this type of information to Defense

Counsel and other individuals on a limited basis, as set forth in the motion. All material disclosed by the government in this case to Defense Counsel falls within the scope of this order and is referred to below as "Protected Discovery Material";

2. Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purposes;

3. The following terms govern the handling and maintenance of the Protected Discovery Material in this case:

    a. Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, appeal, or other related legal proceedings) and for no other purposes;

    b. Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) the Defendants, for the sole purpose of assisting in the preparation of his/her defense and only in the presence and under the direct supervision of Defense Counsel; (iii) such members of Defense Counsel's staff as are necessary for the purposes outlined above and only while these staff members are operating under the direct supervision and control of

Defense Counsel; and (iv) any expert or investigator hired to assist Defense Counsel for the purpose of defendant the pending charges against the Defendant.

c. Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material. Defendants may not print, copy, or duplicate the Protected Discovery Material;

e. Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case;

f. Upon termination of this matter, Defense Counsel is permitted to retain a copy of the Protected Discovery Material, but this retention is subject to the terms and restrictions of this Protective Order.

IT IS SO ORDERED.

**SIGNED this 21st day of November, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE